IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BILLY GAMEZ | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 5:21-cv-00520 |
| | § | Jury Trial Demanded |
| ADAPT SOLUTIONS, INC. | § | |
| | § | |
| Defendant. | § | |

---

## APPLICATION AND NOTICE OF REMOVAL

---

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to 28 U. S. C. §§ 1332(a)(2) and 1446(c)(1), Defendant **ADAPT SOLUTIONS, INC.** ("Applicants") file this Application and Notice of Removal and in support thereof would show the Court the following:

1.  **Parties and Counsel** –

    Plaintiff     Billy Gamez
    Counsel       Jeffrey J. Tom
                  SBN: 24056443
                  Troy "Trey" S. Martin, III
                  SBN: 13108800
                  Curt Cukjati
                  SBN: 05207540
                  Jacob Cukjati
                  SBN: 24101188
                  Abigail C. Arris
                  SBN: 24116170
                  MARTIN, CUKJATI & TOM, L.L.P.
                  1802 Blanco Road
                  San Antonio, Texas 78212
                  Telephone: (210) 223-2627
                  Facsimile: (210) 223-5052
                  E-mail: eservice@mcfirm.com

| Defendant | Adapt Solutions, Inc. |
|---|---|
| Counsel | Pablo E. Rivera |
| | SBN: 24079216 |
| | Stephen C. Haynes |
| | SBN: 09289800 |
| | VIDAURRI, LYDE, RODRIGUEZ & HAYNES, L.L.P. |
| | One Alamo Center |
| | 106 South St. Mary's Street, Suite 201 |
| | San Antonio, Texas 78205 |
| | (210) 922-8541 Telephone |
| | (210) 922-8547 Facsimile |
| | Eservice: saoffice@vlrhlaw.com |

2. **State Court** – The state district court from which this case is being removed is:

407th Judicial District Court of Bexar County, Texas
Bexar County Courthouse
100 Dolorosa, # 4
San Antonio, Texas 78205
Telephone: (210) 335-2462
Email: Vanessa.williams@bexar.org

3. **Incident** -- This is a personal injury case. Plaintiff Billy Gamez claims to have been injured while attempting to use the Adapt XL Seat to access his Ford F-150 pick up on October 8, 2020 in Bexar County, Texas. According to Plaintiff's Original Petition, Plaintiff Billy Gamez was attempting to enter his Ford F-150 pick-up truck using the Adapt XL Seat chair lift, made to assist handicapped persons access their vehicles,) when allegedly it collapsed causing Plaintiff to fall onto the asphalt.

4. **Petition** -- On or about April 26, 2021, Billy Gamez sued Adapt Solutions, Inc., a foreign corporation organized and existing under the laws of Quebec, Canada, in the 407th Judicial District Court of Bexar County, Texas. Exhibit 1.

5. **Answers** -- On or about May 25, 2021 Adapt Solutions, Inc filed its Original Answer and requested a trial by jury and tendered the appropriate fee to the district clerk for the state court. Exhibit 2.

6.    **Amount in Controversy** -- The amount in controversy exceeds $75,000.00.  In Plaintiff's Original Petition, Plaintiff expressly asserted that he is seeking monetary relief in an amount over $250,000.00 but not more than $1,000,000.00.

7.    Pursuant to 28 U.S.C. § 1446(b)(3) this notice of removal was filed within 30 days after Defendant, ADAPT SOLUTIONS, INC. was served on May 5, 2021.

8.    **Diversity of Citizenship** -- This case is one which is removable pursuant to 20 U.S. Code § 1332. Diversity of Citizenship exists as Adapt Solutions, Inc. is a foreign corporation organized and existing under the laws of Quebec, Canada.  Furthermore, Adapt Solutions, Inc, maintains its principal place of business in Quebec, Canada. Service was perfected upon Adapt Solutions, Inc. at 145 Rue Damase Breton, Saint-Lambert-de-Lauzon, QC G0S 2W0 in Canada.  This case is being removed to the district and division from where the state court action was pending.

WHEREFORE PREMISES CONSIDERED, Applicant prays that the above action now pending in the 407th Judicial District Court of Bexar County, Texas, Cause No. 2021CI08119, styled Billy Gamez, Plaintiff v. Adapt Solutions, Inc., Defendant, be removed to this Court pursuant to Rule 28 U.S.C. §§ 1332, 1446 and that Applicant may have such other and further relief at law or in equity to which it may show itself justly entitled.

Respectfully Submitted,

**VIDAURRI, LYDE, RODRIGUEZ**
   **& HAYNES, L.L.P.**
One Alamo Center
106 South St. Mary's Street, Suite 201
San Antonio, Texas  78205
(210) 922-8541  Telephone
(210) 922-8547  Facsimile
Eservice: saoffice@vlrhlaw.com

By:    */s/ Pablo E. Rivera*

PABLO E. RIVERA
State Bar No. 24079216
STEPHEN C. HAYNES
State Bar No. 09289800

**ATTORNEYS FOR DEFENDANT**

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on the 1st day of June, 2021, a true and correct copy of the foregoing document has been served in accordance with Rule 21a of the Texas Rules of Civil Procedure on all attorneys of record:

Jeffrey J. Tom
SBN: 24056443
Troy "Trey" S. Martin, III
SBN: 13108800
Curt Cukjati
SBN: 05207540
Jacob Cukjati
SBN: 24101188
Abigail C. Arris
SBN: 24116170
MARTIN, CUKJATI & TOM, L.L.P.
1802 Blanco Road
San Antonio, Texas 78212
Telephone: (210) 223-2627
Facsimile: (210) 223-5052
E-mail: eservice@mcfirm.com
*Attorneys for Plaintiff Billy Gamez*

*/s/ Pablo E. Rivera*
PABLO E. RIVERA

## INDEX OF MATTERS BEING FILED

| 1. | Register of Actions/Docket Sheet |
|---|---|
| **Live Pleadings** | |
| 2. | Plaintiff's Original Petition |
| 3. | Defendant Adapt Solutions, Inc.'s Original Answer |

Exhibits:
1    Plaintiff's Original Petition
2    Defendant's Original Answer

EXHIBIT 1

FILED
4/26/2021 9:54 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Martha Medellin

W JD

**2021CI08119**

CIT PPS

CAUSE NO. _____

| | |
|---|---|
| BILLY GAMEZ | IN THE DISTRICT COURT |
| *Plaintiff,* | |
| vs. | 407th<br>_____ JUDICIAL DISTRICT |
| ADAPT SOLUTIONS, INC. | |
| *Defendant.* | OF BEXAR COUNTY, TEXAS |

---

**PLAINTIFF'S ORIGINAL PETITION AND RULE 193.7 NOTICE OF RELIANCE AND RULE 609 REQUEST FOR NOTICE OF CRIMINAL CONVICTIONS**

---

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES BILLY GAMEZ, Plaintiff in the above-entitled cause, complaining of ADAPT SOLUTIONS, INC., Defendant, and for causes of action would respectfully show the Court the following:

## I.
## DISCOVERY CONTROL PLAN/NON-EXPEDITED ACTION

1.1.   The damages sustained by Plaintiff are ongoing and include both economic and non-economic elements. Plaintiff seeks to rely on the jury's valuation of the damages based on the evidence presented at trial. Nevertheless, Plaintiff must make a statement of the maximum amount of damages and, therefore, states that amount to be over $250,000 but not more than $1,000,000. Plaintiff reserves the right to amend these amounts if a jury awards an amount in excess of $1,000,000.

1.2.   Plaintiff requests a Level 3 discovery plan as provided by the Texas Rules of Civil Procedure.

## II.
## PARTIES

2.1.    Plaintiff, BILLY GAMEZ, is an individual residing in Bexar County, Texas.

2.2.    Defendant, ADAPT SOLUTIONS, INC. ("ADAPT SOLUTIONS") is a foreign corporation organized and existing under the laws of Quebec, Canada. ADAPT SOLUTIONS does and solicits business in this jurisdiction for its XL Seat in San Antonio, Texas, and through its eCommerce website: https://adaptsolutions.com/product/xl-base/. ADAPT SOLUTIONS does not have a designated agent for service of process or a place of business in the State of Texas. This entity either (1) is required by statute to designate or maintain a resident agent or engages in business in the State of Texas, but has not designated or maintained a resident agent for service of process in the State of Texas; or (2) is a nonresident of Texas who engages in business in the State of Texas but does not maintain a regular place of business in this state or a designated agent for service of process, and this proceeding arises out of the business done in this state. Said Defendant is engaged in business in this state within the meaning of that term as defined by Section § 17.042 of the Texas Civil Practice and Remedies Code and may be served with process pursuant to the Hague Convention, 20 U.S.T. 361 (February 10, 1969) and as authorized by Texas Rule of Civil Procedure 108a. Pursuant thereto, service of process may be effected by serving a true and correct copy of the citation, along with a copy of the attached petition to Chief Executive Officer, Gina Lewis at 145 Rue Damase Breton, Saint-Lambert-de-Lauzon, QC G0S 2W0, Canada.

### III.
### JURISDICTION AND VENUE

3.1.    Venue is proper in Bexar County, Texas pursuant to Texas Civil Practice & Remedies Code § 15.001 et seq. because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Bexar County, Texas.

3.2.    This court has jurisdiction over this case and the damages sought are within the jurisdictional limits of this court.

### IV.
### FACTS

4.1.    This is a suit for strict liability and negligence arising from the catastrophic failure of a vehicle chair lift manufactured, marketed, and sold by the Defendant, ADAPT SOLUTIONS.

In 2008, Plaintiff, BILLY GAMEZ, purchased or acquired an Adapt XL Seat. The Adapt XL Seat is a chair lift made to assist handicapped persons access their vehicles. ADAPT SOLUTIONS designed, manufactured, marketed, distributed, and sold the Adapt XL seat installed in Plaintiff's vehicle.

4.2.    On October 8, 2020, Plaintiff attempted to use the Adapt XL Seat to access his Ford F-150 pickup truck driver seat when suddenly and unexpectedly the Adapt XL Seat collapsed causing Plaintiff to fall onto the asphalt. Plaintiff sustained serious personal injuries as a result of the lift's failure, including injuries to his leg ("the Incident").

4.3.    As a result of ADAPT SOLUTIONS' negligent design and manufacturing,

inadequate warnings on the Adapt XL Seat, and the condition of the Adapt XL Seat when it left the possession of ADAPT SOLUTIONS, Plaintiff BILLY GAMEZ sustained substantial personal injuries requiring medical examination and treatment. Further, Plaintiff suffered physical impairment, disfigurement, loss of wages, loss of earning capacity, and pain and mental anguish.

## V.
## CAUSES OF ACTION

5.1    Plaintiff asserts the following claims and causes of action against Defendant, ADAPT SOLUTIONS, INC.:

### Plaintiff's Cause of Action
### for Strict Liability Against Adapt Solutions, Inc.

5.2.    Plaintiff incorporates all the factual allegations made above.

5.3.    Plaintiff was injured by the Adapt XL Seat. The XL Seat was designed to be sold to retailers. The Adapt XL Seat was ultimately placed into the stream of commerce by ADAPT SOLUTIONS.

5.4.    ADAPT SOLUTIONS is strictly liable to Plaintiff under applicable products liability law including the RESTATEMENT (SECOND) OF TORTS § 402 without regard to or proof of negligence or gross negligence, although Plaintiff would also show that the Adapt XL Seat was negligently designed, manufactured, marketed and placed into the stream of commerce in a defective condition and that such negligence and defects were the producing cause and proximate cause of Plaintiff's injuries.

## A. Design Defect

5.5.   There was a design defect in the Adapt XL Seat at the time it left the possession of ADAPT SOLUTIONS. More specifically, the Adapt XL Seat is defective in the following respects:

      a.   Lacked the appropriate safety factor for the supporting structure; and

      b.   Improper and inadequate materials for the supporting structure;

5.6.   The Adapt XL seat was defectively designed and unreasonably dangerous taking into consideration the utility of the product and the risk involved. The Adapt XL Seat was unreasonably dangerous in that the seat could break and/or collapse resulting in a complete malfunction and failure.

5.7.   There was a safer alternative design that in reasonable probability would have prevented or significantly reduced the risk of the injury in question without substantially impairing the product's utility. The alternative design was economically and technologically feasible at the time the product left the control of ADAPT SOLUTIONS.

5.8.   The above design defect was a producing and proximate cause of the injury to Plaintiff made the basis of this suit.

## B. Marketing Defect

5.9.   ADAPT SOLUTIONS failed to warn Plaintiff, users, and ultimate consumers of the Adapt XL Seat's dangerous condition, thereby causing a marketing defect at the time it left the possession of ADAPT SOLUTIONS. The intended use of the Adapt XL Seat is so handicapped persons can access their vehicles via lift.

5.10. The Adapt XL Seat was defective and dangerous to an extent beyond any contemplation by the ordinary user or consumer who purchased it with the ordinary knowledge common to the community as to the product's characteristics.

5.11. When ADAPT SOLUTIONS marketed the Adapt XL Seat for auto retailers, ADAPT SOLUTIONS actually knew and reasonably foresaw the risk of harm of a defectively designed Adapt XL Seat.

5.12. Because ADAPT SOLUTIONS marketed the Adapt XL seat without a warning or instruction of its dangerous condition, this caused the subject Adapt XL seat to be sold in an unreasonably dangerous condition to the ultimate user or consumer of the Adapt XL Seat. Plaintiff BILLY GAMEZ was the ultimate user and consumer of this Adapt XL Seat.

5.13. The above marketing defect was a producing and proximate cause of Plaintiff's injuries made the basis of this suit.

### C. Manufacturing Defect

5.14. There was a manufacturing defect in the Adapt XL Seat at the time it left the possession of ADAPT SOLUTIONS. The Adapt XL Seat deviated in its construction or quality from its specifications in a manner that rendered it unreasonably dangerous.

5.15. The manufacturing defect rendered the Adapt XL Seat dangerous to an extent beyond that which would be contemplated by the ordinary user of the product, with the ordinary knowledge common to the community as to the product's characteristics.

5.16.  The above manufacturing defect was a producing and proximate cause of Plaintiff's injuries made the basis of this suit.

### Plaintiff's Negligence Cause of Action
### Against Adapt Solutions, Inc.

5.17.  Plaintiff incorporates all the factual allegations made above.

5.18.  ADAPT SOLUTIONS was negligent in its design and marketing of the Adapt XL Seat for handicapped persons. ADAPT SOLUTIONS departed from the standard of care and duty owed to Plaintiff by carelessly and negligently failing to exercise reasonable care in the design and marketing of its product and in the failure of instructing its users about the use of the Adapt XL Seat.

5.19.  Specifically, Adapt failed to design the Adapt XL Seat with the following:

      a.    Lacked the appropriate safety factor for the supporting structure; and

      b.    Improper and inadequate materials for the supporting structure.

5.20.  Defendant ADAPT SOLUTIONS knew or should have known of a potential risk of harm presented by its product, but negligently marketed it without adequate warning of the danger(s) or providing proper and adequate instructions for safe use.

5.21.  The Adapt XL Seat posed a risk of harm that might arise from the intended or reasonably anticipated use of the product. Defendant ADAPT SOLUTIONS knew or should have reasonably foreseen the risk of harm at the time the Adapt XL Seat was sold, and that the product possessed a marketing defect. In addition, Plaintiff BILLY GAMEZ was a foreseeable and ultimate consumer of the Adapt XL Seat.

5.22. The absence of proper warnings and instructions rendered the product unreasonably dangerous to the ultimate user of the product and was a producing cause of Plaintiff's injuries.

5.23. Further, ADAPT SOLUTIONS also failed to recall the Adapt XL Seat or warn consumers of the risk of serious injury or death from continued use of the Adapt XL Seat after having notice of complaints and/or injuries from Adapt XL Seat, and other, similar seat lifts, including with regard to the Adapt XL Seat missing the appropriate safety factors for the supporting structure and the Adapt XL seat lacking specific improper and inadequate materials for the supporting structure.

5.24. The above acts and omissions constitute negligence and the product at issue was defective in its design and marketing, and such negligence was a proximate cause of Plaintiff's injuries.

### Plaintiff's Cause of Action
### for Breach of Implied Warranty of Fitness for a Particular Purpose against Adapt Solutions, Inc.

5.25. ADAPT SOLUTIONS breached the implied warranty of fitness for a particular purpose.

5.26. ADAPT SOLUTIONS was a seller at the time of contracting to sell the Adapt XL Seat to MOBILITY WORKS. Therefore, ADAPT SOLUTIONS had reason to know of any particular purpose for which the Adapt XL Seat was sought out and acquired because a truck part for specific needs was requested and the buyer of the Adapt XL Seat was relying on ADAPT SOLUTIONS' skill or judgment to select and furnish a suitable good.

5.27. The Adapt XL Seat was to be used for the particular purpose of allowing a handicapped person access into and out of the driver seat of their vehicle on which the seat was installed.

5.28. Because the Adapt XL Seat was not suitable for its particular purpose of lifting handicapped persons into and out of the driver seat of their vehicle, ADAPT SOLUTIONS breached the implied warranty of fitness for a particular purpose.

5.29. ADAPT SOLUTIONS' breach is a proximate cause of Plaintiff's injuries and damages made the basis of this suit.

## VI.
## DAMAGES

6.1. As a direct and proximate cause of the occurrence made the basis of this lawsuit, Plaintiff BILLY GAMEZ sustained damages and hereby sues to recover the following:

      A. Costs for reasonable and necessary medical care in the past and future;

      B. Physical pain and mental anguish in the past and future;

      C. Physical impairment in the past and future;

      D. Physical disfigurement in the past and future;

      E. Loss of wages in the past and future; and

      F. Loss of earning capacity in the past and future.

## VII.
## JURY DEMAND

7.1. Plaintiff demands a trial by jury and tenders the requisite fee.

## VIII.
## NOTICE OF RELIANCE

8.1.    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice of intent to utilize all documents and tangible items produced by any party through discovery, together with all deposition exhibits and documents obtained by written questions, in any pre-trial proceeding and/or trial.

## IX.
## REQUEST FOR NOTICE OF CRIMINAL CONVICTIONS

9.1.    Pursuant to Rule 609 of the Texas Rules of Civil Evidence, request is hereby made for written notice of intent to use evidence of a conviction, if any, against any of the witnesses named by Plaintiff as persons with knowledge of relevant facts. Sufficient advance written notice of intent to use such evidence is requested to provide a fair opportunity to contest the use of such evidence. Said notice is requested not later than thirty (30) days before trial.

## X.
## DESIGNATED E-SERVICE EMAIL ADDRESS

10.1.   The following is the undersigned attorney's designated e-service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: eservice@mcfirm.com. This is the undersigned's only e-service email address, and service through any other email address will be considered invalid.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that

ADAPT SOLUTIONS, INC. Defendant, be cited to answer and appear and that, upon a final hearing of the cause, judgment be entered for the Plaintiff for actual and special damages, together with pre- and post-judgment interest as allowed by law, costs of Court, and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**MARTIN, CUKJATI & TOM, L.L.P.**

Jeffrey J. Tom
State Bar No. 24056443
Troy "Trey" S. Martin, III
State Bar No. 13108800
Curt Cukjati
State Bar No. 05207540
Jacob Cukjati
State Bar No. 24101188
Abagail C. Arris
State Bar No. 24116170
1802 Blanco Road
San Antonio, Texas 78212
Telephone: (210) 223-2627
Facsimile: (210) 223-5052
Email: eservice@mcfirm.com

By: /s/ Jeffrey J. Tom
    Jeffrey J. Tom
    State Bar No. 24056443

ATTORNEYS FOR PLAINTIFF BILLY
GAMEZ



EXHIBIT 2

## CAUSE NO. 2021CI08119

| | | |
|---|---|---|
| **BILLY GAMEZ** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **407TH JUDICIAL DISTRICT** |
| | § | |
| **ADAPT SOLUTIONS, INC.** | § | **BEXAR COUNTY, TEXAS** |
| | § | |

## DEFENDANT'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **ADAPT SOLUTIONS, INC.,** Defendant in the above-entitled and numbered cause, and files this its Original Answer, and in support of same would show the Court as follows:

### I.

Defendant generally denies each and every material allegation in Plaintiff's Petition and demands strict proof thereof by a preponderance of the credible evidence.

### II.

Defendant pleads that pursuant to §41.0105 of the Civil Practice and Remedies Code, Plaintiff's recovery of medical and healthcare expenses is limited to the amount actually paid by Plaintiff or incurred by or on behalf of Plaintiff.

### III.

Defendant will show that the Plaintiff's injuries, and damages, if any, are due to medical conditions unrelated to the accidental injury upon which his claim is based, and /or Plaintiff's medical conditions pre-existed or were subsequent to the incident made the basis of this suit and were not caused by the incident made the basis of this lawsuit.

**IV.**

Defendant would further plead that any losses or damages allegedly sustained by the Plaintiff were caused, in whole or in part, or were contributed to, by the negligent conduct of Plaintiff and not because of any negligence or fault or want of care on the part of this Defendant, and this Defendant would thereby invoke the doctrine of contributory negligence and proportionate responsibility.

**V.**

Defendant would further plead that any losses or damages allegedly sustained by the Plaintiff were caused, in whole or in part, or were contributed to, by the negligent conduct of third parties not named in this lawsuit, and not because of any negligence or fault or want of care on the part of this Defendant. In addition, and alternatively, Defendant plead the damages sought by Plaintiff herein were caused in whole or in part by parties or persons not subject to the control or direction of Defendant.

**VI.**

Pursuant to TEX. CIV. PRAC. & REM. CODE §18.091 and the laws of Texas, Defendant claims and asserts the right to require that Plaintiff prove any alleged loss of earnings and/or loss of earning capacity with evidence presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.

**VII.**

Defendant hereby respectfully demand a jury trial and herewith tenders the required jury fee.

WHEREFORE, PREMISES CONSIDERED, Defendant, **ADAPT SOLUTIONS, INC.**, prays that upon hearing hereof that Plaintiff take nothing against Defendant, that Defendant goes hence with its costs, without delay, and for such other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

**VIDAURRI, LYDE, RODRIGUEZ**
  **& HAYNES, L.L.P.**
One Alamo Center
106 South St. Mary's Street, Suite 201
San Antonio, Texas 78205
(210) 922-8541 Telephone
(210) 922-8547 Facsimile
Eservice: saoffice@vlrhlaw.com

By:     */s/ Pablo E. Rivera*          
          PABLO E. RIVERA
          State Bar No. 24079216

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25th day of May, 2021, a true and correct copy of the foregoing document has been served in accordance with Rule 21a of the Texas Rules of Civil Procedure on all attorneys of record:

Jeffrey J. Tom
SBN:  24056443
Troy "Trey" S. Martin, III
SBN:  13108800
Curt Cukjati
SBN:  05207540
Jacob Cukjati
SBN:  24101188
Abigail C. Arris
SBN:  24116170
MARTIN, CUKJATI & TOM, L.L.P.
1802 Blanco Road
San Antonio, Texas 78212
Telephone:  (210) 223-2627
Facsimile:  (210) 223-5052
E-mail:  eservice@mcfirm.com
*Attorneys for Plaintiff Billy Gamez*

*/s/ Pablo E. Rivera*          
PABLO E. RIVERA